## STRAUSS et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 6, 1896.)

No. 2,154.

CUSTOMS DUTIES—CLASSIFICATION—TOYS.

Paragraph 436 of the act of 1890, and paragraph 321 of the act of 1894, in relation to toys, are identical in terms, except that the latter act imposes a duty of 25 per cent., instead of 35 per cent., and also provides that "this paragraph shall not take effect until January 1st, 1895." *Held,* that it was the manifest intent that the old paragraph should continue in force until the new one went into effect, and hence toys were dutiable thereunder until January 1, 1895.

Appeal by the importers from a decision of the board of general appraisers which sustained the action of the collector in assessing duty upon the merchandise in suit.

Everit Brown, for plaintiffs.

Henry C. Platt, Asst. U. S. Atty., for defendant.

COXE, District Judge (orally). The subject of controversy in this case is toys, manufactured of paper. Toys, eo nomine, have been known in various tariff acts since 1842. Paragraph 436 of the act of 1890 and paragraph 321 of the act of 1894 are in identical terms, except that the latter imposes a duty of 25 per cent. instead of 35 per cent. and also contains at its end the following language: "This paragraph shall not take effect until January first, 1895." The toys in question were imported upon the 18th of September, 1894. The contention of the importer is that in the interim toys, not being specially designated in the act of 1894, must be assessed under various paragraphs of the act having relation to the materials of which they are constructed. It seems very clear that it was the intention of congress that toys should, until January 1, 1895, pay the duty provided for in the act of 1890; until the new duty was imposed the old duty should prevail. This is a consistent and reasonable construction and the other construction which would throw them into a large number of general classes imposing different rates of duty is an unreasonable one. The decision of the board of general appraisers is affirmed.